UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVE LEE JENKINS,

                Plaintiff,

v.                                                    Case No.  5:08-cv-285-Oc-10GRJ

ALLSTATE INSURANCE COMPANY,

                Defendant.
_____

**REPORT AND RECOMMENDATION**[1]

Pending before the Court is Plaintiff's Motion For Remand (Doc. 5) to which Defendant has filed a response in opposition. (Doc. 6.)  For the reasons discussed below, Plaintiff's Motion For Remand is due to be **GRANTED**.

**I. INTRODUCTION**

In August 2006, Plaintiff, David Lee Jenkins filed an uninsured/underinsured motorist ("UM") action against Defendant, Allstate Insurance Company ("Allstate") in state court seeking benefits under the UM policy.  Plaintiff's UM action was tried, resulting in a verdict for the combined total of $119,237.99, which was in excess of the $75,000 policy limits. The parties agree that after set-offs for collateral sources the net verdict is $94,717.59. Based upon this figure for the net verdict - and excluding any claims for fees and costs - an excess verdict would be the difference between the net

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

verdict and the $75,000 UM coverage, a sum far less than the $75,000 jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

After the verdict, but before entering final judgment, the state court permitted Plaintiff to amend his Amended Complaint to assert statutory bad faith claims pursuant to §624.155, Florida Statutes. (Doc. 1, Exhibit B.) The Second Amended Complaint was deemed filed as of June 9, 2008 and the state court abated the bad faith claims "pending resolution of all appeals of the final judgment, if any." (Doc. 1, Exhibit B.) On July 9, 2008, Defendant removed the bad faith claims to federal court on the basis of diversity jurisdiction. (Doc. 1.) The parties represent that the state court still has not entered final judgment on the UM case.

## II. DISCUSSION

Plaintiff argues that removal was improper and the Court should remand this action to state court because: (1) Defendant has failed to establish that the amount in controversy is in excess of $75,000.00, (2) Plaintiff's bad faith claims have not yet accrued in view of the fact that final judgment has not been entered and the state court has abated the bad faith action, (3) Defendant's removal was time barred by 28 U.S.C. § 1446, because Defendant failed to file the Notice of Removal within one year of the commencement of the state court action and failed to file the Notice of Removal within thirty days of receipt of a pleading, motion or other paper putting Defendant on notice of the amount in controversy, and (4) the removed action is inextricably intertwined with issues decided by the state court or dependent upon issues that have yet to be decided by the state court.

The Court need not address all of the arguments raised by Plaintiff because the one fundamental problem with the removal is that it was premature due to the fact that the bad faith claim has not yet accrued and, thus, there is no claim to remove. The Court, of course, is required to construe the removal statute strictly, because removal jurisdiction raises significant federalism concerns and thus doubts about jurisdiction should be resolved in favor of remand to state court.[2] Indeed, "[*a] presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.*"[3]

Resolution of whether Defendant has a right to remove the bad faith claims and whether the removal was premature requires an examination of the nature of a bad faith claim under Florida law and the interplay between the underlying UM claim and the bad faith claim.

Not surprisingly there is no Eleventh Circuit law addressing the issue of whether a party may remove a bad faith claim which has been added to an underlying suit for UM benefits. However, several judges in this district and a judge in the Southern District of Florida have addressed removal of a bad faith claim where, as here, the bad faith claim was included in an amended pleading filed in the underlying claim by the insured under the insured's UM policy.

---

[2] University of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

[3] Klempner v. Northwestern Mutual Life Insurance Company, 196 F.Supp.2d 1233, 1237 (S.D. Fla. 2001) (internal citations omitted).

In *Lahey v. State Farm Mut. Ins. Co.*, 2007 WL 2029334 (M.D. Fla. 2007) Judge Whittemore concluded that the plaintiffs' bad faith claim was a separate and distinct cause of action from the underlying UM claim. Because the bad faith claim was considered to be an independent and separate claim Judge Whittemore held that the defendant was entitled to remove the bad faith cause of action within 30 days of when it was added as a claim in the underlying case and that the Defendant was not precluded from filing it because the case was removed more than one year after the original UM claim was filed. Judge Lazzara in *Parks v. State Farm Mutual Automobile Ins. Co.*,[4] reached a similar result as Judge Whittemore in concluding that the one year period for removal provided for in 28 U.S.C. § 1446(b) was triggered when the bad faith claim was added to the case and not when the original UM claim was filed. Judge Hurley in the Southern District of Florida in *McCreery v. State Farm Mutual Insurance Co.*,[5] however, reached the opposite result and concluded that the bad faith claim was not a new action, but merely a new claim in the same action that had been pending and, therefore, the one year period to remove the action began when the original UM claim was filed and not when the bad faith claim was added.

While the Court agrees with the views of Judges Whittemore and Lazzara that a bad faith claim is separate and independent from the underlying UM claim, and is therefore removable, there is one critical distinction between this case and *Lahey* and *Parks*. In the instant case - unlike the posture of *Lahey* and *Parks* - the state court judge has not yet entered a final judgment. This distinction is important because under Florida

---

[4] 8:06-Cv-811-T-26MSS (M.D. Fla. June 20, 2006)

[5] Case No. 07-80489-Civ-Hurley/Hopkins (S.D. Fla. Sept. 4, 2007).

law a bad faith claim does not accrue until the conclusion of the underlying contract claim.[6] "[A]bsent a determination of the existence of liability on the part of the UM tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle."[7] This means that until a final judgment is entered the bad faith claim does not exist and, therefore, there is nothing to remove even though a bad faith claim may be considered a separate and independent claim that is subject to removal separate from the underlying UM claim. However, once a final judgment has been entered by the state judge then both liability and damages will have been established both of which are necessary to prosecute a claim against an insurer for bad faith.[8] Until such time as the state court judge has entered a final judgment the damages will be uncertain and thus the bad faith claim cannot be prosecuted even in the state court action. The state court judge apparently recognized this proposition as evidenced by the fact that he abated the bad faith claims "pending resolution of all appeals of the final judgment, if any."

Accordingly, because the Court concludes that Plaintiff's bad faith cause of action has not yet accrued - and there is no ripe claim for this Court to adjudicate - Allstate's removal of the bad faith cause of action was premature and, therefore, Plaintiff's Motion to Remand is due to be granted.[9]

---

[6] Blanchard v. State Farm Mutual Automobile Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991).

[7] *Id.*

[8] *See, e.g.* Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000)(dismissing as premature a bad faith claim which had been brought before liability and damages had been awarded to first-party insured).

[9] Defendant is not without recourse, however. Assuming a final judgment is entered by the state court judge, which establishes an excess verdict in an amount more than $75,000 the Defendant would then be entitled to remove the bad faith claim - which would be the only claim pending in the state court
(continued...)

Lastly, the Court concludes that Plaintiff is not entitled to an award of attorney's fees and costs as part of the order remanding this action because the Defendant's reliance upon *Lahey* and *Parks* was well founded and therefore the Court concludes that the Defendant had an objectively reasonable basis for removal as required by *Martin v. Franklin Capital Corp.*[10]

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' Motion For Remand (Doc. 5) should be **GRANTED** and that this action should be **REMANDED** to the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.

**IN CHAMBERS** in Ocala, Florida, on October 8, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:

The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[9](...continued)
action. And consistent with *Lahey* and *Parks* the one year period to file the notice of removal would not run from the date the original UM action was filed but rather from the date the claim accrued. The thirty day period as well would run from the date the judgment was entered, which would be the pleading, motion or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The thirty day period necessarily must run from that date because until the final judgment is entered and the amount of the judgment has been established the amount in controversy would be speculative. This is particularly so in this case because part of the excess verdict will most likely include a disputed amount for attorney's fees and costs. Until these fees and costs have been awarded and included in a judgment, the amount of the potential excess judgment (if any), and in turn the amount in controversy, would be open to interpretation.

[10] 546 U.S. 132, 141 (2005).